IN THE UNITED STATES BANKRUPTCY COURT
OF THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | Case No. 7-16-70782 |
| CHARLOTTE LIVINGSTON, : | |
| Debtor : | |
| : | Chapter 7 |
| DEUTSCHE BANK NATIONAL TRUST : | |
| COMPANY, as successor Trustee to : | |
| BANKERS TRUST COMPANY OF : | |
| CALIFORNIA, N.A., as Trustee for : | |
| HOME EQUITY MORTGAGE LOAN ASSET- : | |
| BACKED TRUST, SERIES SPMD 2002-A, : | |
| HOME EQUITY MORTGAGE LOAN ASSET- : | |
| BACKED CERTIFICATES, SERIES SPMD : | |
| 2002-A, its successors and/or : | |
| Assigns, : | |
| Movant : | |
| VS. : | |
| : | |
| CHARLOTTE LIVINGSTON, : | |
| Respondent : | |

ANSWER ON BEHALF OF DEBTOR CHARLOTTE LIVINGSTON
TO MOTION OF DEUTSCHE BANK NATIONAL TRUST COMPANY
FOR RELIEF FROM AUTOMATIC STAY

COMES NOW, Charlotte Livingston, Debtor herein ("Livingston"), by its attorneys, Stover, McGlaughlin, Gerace, Weyandt & McCormick, P.C., and respectfully responds as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied as stated. It is admitted that Movant has instituted foreclosure proceedings. However, Debtor had paid the mortgagee the sum of $113,006.44 through her confirmed Chapter 13 Plan, filed on November 2, 2004, to Case No. 04-33565-JAD. Movant's mortgage of February 1, 2002, was only in the original amount of $112,500. Debtor understood from her attorney that the mortgage would be paid in full

in her Chapter 13 case. Therefore, she made no further payments. In 2010, Nine West called her about resuming payments. When Debtor advised the caller of her understanding about the effect of her Chapter 13 Plan, no further communications were received from Nine West. Subsequent collection attempts by other parties on behalf of Movant failed to confirm that her payments through the Chapter 13 Plan were properly credited, notwithstanding years of request by the Debtor.

5. Denied. Debtor believes and therefore responds that Movant failed to properly credit her payments through the Chapter 13 Plan. Debtor had paid the mortgagee the sum of $113,006.44 through her confirmed Chapter 13 Plan, filed on November 2, 2004. Movant's mortgage of February 1, 2002, was in the original amount of $112,500.

6. Denied as stated. Debtor understood from her attorney that the mortgage would be paid in full in her Chapter 13 case. Therefore, she made no further payments. In 2010, Nine West called her about resuming payments. When Debtor advised the caller of her understanding about the effect of her Chapter 13 Plan, no further communications were received from Nine West. Subsequent collection attempts by other parties on behalf of Movant failed to confirm that her payments through her 2004 Chapter 13 Plan were properly credited, notwithstanding years of request by the Debtor. A payment history is requested.

7. Admitted.

8. Denied. Debtor believes and therefore responds that Movant failed to properly credit her payments through the Chapter 13 Plan. A payment history is requested.

9. Admitted.

10. Admitted.

11. Denied. Debtor believes and therefore responds that Rhino Linings of Lebanon has a judgment against her.

12. Admitted.

13. Denied. Debtor believes and therefore responds that Movant grossly overestimates the amount owed on its mortgage. Debtor believes and therefore responds that Movant failed to properly credit her payments through the Chapter 13 Plan.

14. Denied. Debtor believes and therefore responds that Movant is protected by a substantial equity cushion, provided that Movant properly credit her payments through the Chapter 13 Plan. Movant should not unfairly benefit from their failure to provide a payment history confirming that her payments through her 2004 Chapter 13 Plan were properly credited, notwithstanding years of request by the Debtor. Movant should provide an accurate payment history. Debtor would be willing to address the remaining balance, if any.

15. Admitted.

16. Denied as stated. Movant is entitled to charge reasonable fees and costs upon the equity in the collateral. However, Movant's failure to provide a payment history, notwithstanding years of request

by the Debtor, adversely negates the reasonableness of such fees and costs.

 WHEREFORE, Charlotte A. Livingston, Debtor herein, respectfully requests that this Honorable Court deny the relief requested in the Motion of Deutsche Bank National Trust Company for Stay Relief, and for such other and further relief as is equitable and just.

        Respectfully submitted,

        STOVER, McGLAUGHLIN, GERACE,
        WEYANDT & McCORMICK, P.C.

        BY:_/s/ *Don Michael Hahn*_____
         Don Michael Hahn, Esquire
         122 East High Street
         Bellefonte, PA 16823
         (814) 355-8235
         Attorney for Debtor

livingston.danswer

I, Charlotte A. Livingston, Debtor herein, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:_2/09/2017__                    _/s/ Charlotte A. Livingston_____
                                            Charlotte A. Livingston

CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing documents upon the person(s) and in the manner indicated below:

<u>Service by ECF Filing Notice as Follows:</u>

    James Walsh, Esquire
    Chapter 7 Trustee

    James C. Warmbrodt, Esquire
    Attorney for Movant

DATED this _13th_ ____ day of _February_____, A.D., 20_17_.

                                              _/s/ Donald M. Hahn_____